

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00173-CR

---

KEVIN RUNELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0329, Honorable William R. Eichman II, Presiding

---

December 28, 2022

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Kevin Runels, appeals his conviction for possession of a controlled substance with intent to deliver[1] and sentence to forty years' confinement. Appellant's brief was originally due September 19, 2022, but we granted Appellant's counsel two extensions to file a brief. By letter of November 30, 2022, we admonished Appellant's counsel that failure to file a brief by December 12 would result in the appeal being abated

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(f).

and the cause remanded to the trial court for further proceedings. Appellant's counsel has not filed a brief or had any further communication with this Court to date.

We, therefore, abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on behalf of Appellant;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by January 27, 2023. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should counsel file a brief on or before January 11, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.